UNITED STATES of America, Plaintiff,

v.

Allyn B. HEPP, Defendant.

No. CR 80–3006.

United States District Court,
N. D. Iowa, C. D.

Aug. 29, 1980.

Thomas G. Schrup, Asst. U. S. Atty., Cedar Rapids, Iowa, for plaintiff.

Larry G. Gutz, E. David Wright, Cedar Rapids, Iowa, for defendant.

McMANUS, Chief Judge.

This matter is before the court on defendant's resisted motions for judgment of acquittal and in arrest of judgment filed July 1, 1980, and defendant's resisted motion for new trial filed July 28, 1980. Denied.

Defendant was charged in a one count indictment returned on May 1, 1980, with maliciously damaging and destroying by means of an explosive an activity affecting interstate commerce in violation of 18 U.S.C. § 844(i).[1] Specifically, the explosive alleged was a mixture of natural gas (methane) and air.

Defendant was tried and convicted by a jury on June 25, 1980, and these motions followed.

In these motions defendant raises essentially two issues:

1) That a mixture of natural gas and air is not an explosive within the meaning of 18 U.S.C. § 844(i);

2) That there is insufficient evidence to support a finding by the jury that defendant maliciously destroyed a structure by use of an explosive as charged in the indictment.

■ Taking these claims in order, the starting point in any case involving the interpretation of a statute is the statute itself. *Reiter v. Sonotone Corp.*, 442 U.S. 330, 99 S.Ct. 2326, 60 L.Ed.2d 931 (1979); *Scarborough v. United States*, 431 U.S. 563, 97 S.Ct. 1963, 52 L.Ed.2d 582 (1976); *Simpson v. United States*, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1977). Here, as set out above, even though the statute appears clear on its face, inquiry must not stop there, but rather the court must also examine the statutory scheme and legislative his-

tory of the act to determine the scope of coverage. *Lewis v. United States*, 445 U.S. 55, 100 S.Ct. 915, 63 L.Ed.2d 198 (1980).

■ An examination of the relevant factors leads the court to conclude that a mixture of natural gas (methane) and air is an "explosive" within the meaning of 18 U.S.C. §§ 844(i) and (j). Specifically, while it may not fit within the categories of bombs, incendiaries, or devices, it is a mechanical mixture within the coverage of the statute.

■ Title XI was enacted to protect interstate and foreign commerce by reducing the hazards to persons and property associated with the misuse of explosives without placing unnecessary restrictions on lawful uses of explosives. 1970 U.S.Code Cong. and Admin.News, pp. 4007, 4040–41. From even a brief reading of the legislative history, it is clear that Congress was greatly concerned with the increased bombings by organized crime and terrorist groups, at which Title XI was aimed. However, these were not the exclusive targets and neither terrorist activity nor the involvement of organized crime is required to support a conviction. *See United States v. Schwanke*, 598 F.2d 575 (10th Cir. 1979); *United States v. Nashawaty*, 571 F.2d 71 (1st Cir. 1978).

Title XI is structured so as to combine a regulatory scheme for the distribution, transportation and storage of explosives (*see* 18 U.S.C. §§ 842 and 843) with strengthened and expanded criminal prohibitions that apply to the intentional misuse of explosives. *See* 18 U.S.C. § 844(d–j). The statute contains the following definitions of explosives relevant to the inquiry here:

18 U.S.C. § 841(c) and (d) provides:

(c) "Explosive materials" means explosives, blasting agents, and detonators.

(d) Except for the purposes of subsections (d), (e), (f), (g), (h), (i) and (j) of section 844 of this title, "explosives"

---

1. 18 U.S.C. § 844(i) provides in part:

(i) Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of an explosive, any building, vehicle, or other real or personal property used in inter-

state or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not more than ten years or fined not more than $10,000, or both.

means any chemical compound mixture, or device, the primary or common purpose of which is to function by explosion; the term includes, but is not limited to, dynamite and other high explosives, black powder, pellet powder, initiating explosives, detonators, safety fuses, squibs, detonating cord, igniter cord, and igniters. The Secretary shall publish and revise at least annually in the Federal Register a list of these and any additional explosives which he determines to be within the coverage of this chapter. For the purposes of subsections (d), (e), (f), (g), (h), and (i) of section 844 of this title, the term "explosive" is defined in subsection (j) of such section 844.

18 U.S.C. § 844(j) provides:

For the purpose of subsections (d), (e), (f), (g), (h), and (i) of this section, the term "explosive" means gunpowders, powders used for blasting, all forms of high explosives, blasting materials, fuzes (other than electric circuit breakers), detonators, and other detonating agents, smokeless powders, other explosive or incendiary devices within the meaning of paragraph (5) of section 232 of this title, *and any chemical compounds, mechanical mixture, or device that contains any oxidizing and combustible units, or other ingredients, in such proportions, quantities, or packing that ignition by fire, by friction, by concussion, by percussion, or by detonation of the compound, mixture, or device or any part thereof may cause an explosion.* (Emphasis added).

18 U.S.C. § 232(5) provides:

The term "explosive or incendiary device" means (A) dynamite and all other forms of high explosives, (B) any explosive bomb, grenade, missile, or similar device, and (C) any incendiary bomb or grenade, fire bomb, or similar device, including any device which (i) consists of or includes a breakable container including a flammable liquid or compound, and a wick composed of any material which, when ignited, is capable of igniting such flammable liquid or compound, and (ii) can be carried or thrown by one individual acting alone.

The above emphasized portion of 844(j) is the key here. Defendant apparently contends that Congress intended to include only bomb–like articles which are enclosed by a mechanical device or instrument and which can be exploded upon detonation. This type of limited reading of the statute is unwarranted. First, it should be noted that the statute is in the disjunctive, and clearly separates mechanical mixtures from bombs in general which are covered in other parts of the statute. Secondly, under § 841(d), to be subject to regulation, the primary or common purpose of the chemical compound mixture or device must be to function by explosion. This language was apparently designed to exempt commonly used materials like high test gasoline from regulations. *See generally*, "Explosive Control", Report on Hearings before Subcommittee No. 5 of the House Committee on the Judicial's 91st Congress, Second Session, page 15 (1970). Natural gas would seem to be in a similar category. However, when the criminal definition in 18 U.S.C. § 844(j) is reached, similar language is not included. In light of the express regulation of incendiary devices, such as molotov cocktails, this would lead the court to include those previously exempted chemical compound, mixtures or devices. *See*, "Explosive Control", Hearing before Subcommittee No. 5, *supra, page 157.*

Further, the court agrees with the government that defendant's definition is much too restrictive. Webster's Third New International Dictionary–Unabridged, 14th Edition, 1981, defines mechanical mixture as "a mixture whose components are separable by mechanical means as distinguished from a chemical compound". Here the testimony at trial clearly brought the natural gas/air mixture within this definition and the statute.

Defendant has cited nothing in the legislative history that convinces the court that Congress did not intend to give clear and regular meaning to the terms used and that mechanical mixture has a generally accepted meaning as set out above. Hence, the

statute is clear on its face and the legislative history gives no basis for disregarding its plain meaning.

Next, defendant has moved for a new trial and a directed verdict of acquittal. Basically, defendant makes the same claims set out above and asserts that the evidence was insufficient to support a verdict of guilty. In addition, in support of the motion, defendant claims that instruction No. 8 was erroneous because it was too broad and vague and did not appropriately define the conditions under which a mixture of natural gas and air might be an explosive. The question of whether natural gas and air constitutes an explosive is also raised again.

Under FRCrP 29(a) the standard is whether the evidence is insufficient to sustain a conviction and is the same whether the motion is made before or after discharge of the jury. The test to be applied has been stated as follows:

> If the evidence is such that a reasonable person *may* have a reasonable doubt as to the defendant's guilt, the case should be submitted to the jury. On the other hand, a trial judge should not permit a case to go to the jury if the evidence is so scant as to allow the jury merely to speculate or to conjecture as to the defendant's guilt. In other words, a motion of acquittal must be granted when the evidence viewed in the light most favorable to the Government, is such that a reasonably minded jury *must* have a reasonable doubt as to the existence of any of the essential elements of the crime charged. *United States v. Stephenson*, 474 F.2d 1353, 1355 (5th Cir. 1973).

*Accord, United States v. Frol*, 518 F.2d 1134 (8th Cir. 1975).

Under FRCrP 33 the test for a new trial is somewhat broader and the court may weigh the evidence and consider the credibility of witnesses. Hence, if the court concludes the verdict is contrary to the evidence and that a miscarriage of justice may have resulted, the verdict may be set aside and a new trial granted.

The court has reviewed the evidence in this case and concludes that it is sufficient under the above standards. Likewise, Instruction No. 8 was a proper statement of the law.

It is, therefore,

ORDERED

All pending motions are denied.